

**11-CV-06020-RPLY**

DISTRICT JUDGE ROBERT J. BRYAN
MAGISTRATE JUDGE KAREN L. STROMBOM

```
_____ FILED _____ LODGED
         _____ RECEIVED

         JAN 26 2012

       CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL JOSEPH BRADY,<br><br>    Petitioner,<br><br>v.<br><br>MAGGIE MILLER-STOUT,<br><br>    Respondent. | NO. C11-6020 RJB/KLS<br><br>REPLY TO RESPONDENT'S RESPONSE TO PETITIONER"S MOTION FOR STAY AND ABEYANCE AND RESPONSE TO RESPONDENT'S MOTION TO DISMISS PETITIONER'S HABEAS PETITION WITHOUT PREJUDICE |

    COMES NOW, the Petitioner, Michael Joseph Brady, Pro Se, and respectfully submits this Reply to the Respondent's Response to Petitioner's motion for stay and abeyance, as well as submitting a Response to Respondent's motion for dismissal of Petitioner's Habeas petition without prejudice.

I.    STATEMENT OF THE CASE

    Petitioner agrees to the "STATEMENT OF THE CASE" as set out in Respondent's Response to Petitioner's motion for stay and abeyance (Response). See Response at 1-2, DKT. NO.10.

    Petitioner now adds these pertinent deatils to his motion:

> Petitioner's state personal restraint petition (PRP)
> No. 86589-2, Grounds 26, 27, 28, 29, and 30, is awaiting
> a decision from the Washington State Supreme Court (WS.Ct.).

Brady's Reply to Respondent's Response - 1

Respondent is correct that Petitioner's state PRPs 25, 31, 32, and 33 are challenging the Washington Department of Correction (WDOC) legal authority to seize money from Petitioner. See Response at 3, n.2.

Respondent claims that since the PRPs do not appear to challenge Petitioner's state court convictions, they should not be a basis to stay and abey Petitioner's federal habeas proceeding. See Response at 3, n.2.

However, even though these PRPs do not challenge Petitioner's state court convictions, they do challenge a condition of Petitioner's sentence imposed based on those convictions.

The State of Washington (State) has asked for a stay concerning PRP No. 86575-2 and 86615-5 pending a related case. On December 29, 2011, the WS.Ct. issued its opinion en banc. Petitioner then motioned to withdraw these PRPs, however, only one motion was filed, NO. 86575-2. The WS.Ct. noted that the case, which Petitioner's case was placed on stay for, is not final because a motion for reconsideration had been filed. Petitioner has now motioned to strike his motion to withdraw concerning PRP NO. 86575-2.

The WS.Ct. has issued a ruling in PRP NO. 86630-9 asking WDOC for authenicated copies of its relevant savings policies and its 1999 report that it sent to the Washington State Legislature and Governor. Petitioner has motioned for clarification of this ruling because the court did not specify if Petitioner should also receive a copy of this evidence.

In PRP NO. 86632-5, Petitioner is awaiting a decision from the WS.Ct.

In PRP NO. 86640-6, Ground 34, the State has asked for an extension of time to file its response until January 27, 2012.

II.   ARGUMENT

<u>STAY AND ABEYANCE</u>

In its argument to deny Petitioner's motion for stay and abeyance, Respondent relies on the procedure set out by the United States Supreme Court (US.Ct.) in <u>Rhines v. weber</u>, 544 U.S. 269, 274-279 (2005). See Response at pages 2-4.

Brady's Reply to Respondent's Response - 2

The Respondent is correct "For petitioners who file mixed petitions and who are close to the end of AEDPA's one-year time limit, there is a reasonable probability that they will not have time in which to exhaust state remedies and refile in federal court before the limitation period runs out. In such cases, rather than dismissing the mixed petition outright pursuant to Rose v. Lundy, 455 U.S. 509 (1982), a district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Rhines, 544 U.S. at 275. Once he has exhausted his state remedies, the federal court will lift the stay and allow the petitioner to proceed on his now-exhausted claims. Id. at 275-276." See also Response at pages 2-3.

However, Respondent urges this Court to deny Petitioner's motion for stay and abeyance because this process is available in limited circumstances by the district court determining there was good cause for petitioner's failure to exhaust his claims first in state court. Even if the district court finds that petitioner has good cause for the failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. See Response at page 3.

"On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indictation that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss

Brady's Reply to Respondent's Response - 3

the mixed petition." See Rose v. Lundy, 455 U.S. 509, 522 (1982).

The Respondent reasons that Petitioner has failed to show good cause for his failure to exhaust his claims in state court and given that Petitioner has filed 14 state PRPs (with six being filed in Ocotber 2011 alone), there is no reason Petitioner could not have previously exhausted all of his habeas claims in state court. Therefore, Petitioner's motion for stay and abeyance should be denied. See Response at pages 3-4.

The concurring opinon by Justices Stevens, joined by Ginsburg and Breyer states, "While I join the Court's opinion, I do so on the understanding that its reference to 'good cause' for failing to exhaust state remedies more promptly is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner.'" Rhines, 544 U.S. at 279.

Petitioner was convicted in 2002. Petitioner's judgment and sentence was affirmed on direct appeal, but in a subsequent PRP the exceptional sentence was reversed in light of Blakely v. Washington, 542 U.S. 286 (2004). Petitioner was resentenced on March 24, 2006. The judgment and sentence was again affirmed on direct appeal, but in a subsequent PRP the convictions for sexual exploitation with sexual motivation were ordered vacated by the WS.Ct. and the matter remaded back to the trial court. On December 30, 2010, the trial court entered an order correcting the judgment and sentence which vacated the convictions for sexual exploitation, deleted the special verdict finding of sexual motivation, changed Petitioner's offender score from 87 to 69, and removed the 120 month sentence associated with the exploitation counts.

Brady's Reply to Respondent's Response - 4

Petitioner has acted Pro Se since his direct appeals were affirmed. Petitioner has acted diligently when he discovers a case, which is pertinent to his case, and files a PRP in state court.

Furthermore, Respondent is aasking for Petitioner's stay and abeyance to be denied, however, Respondent has not alleged that Petitioner's unexhausted claims are either intentionally dilatory nor meritless. On the contrary, the State is asking for stays and an extension of time to file a response, or Petitioner is awaiting a decision from the WS.Ct. Petitioner is not acting intentionally dilatory nor according to Petitioner are they meritless.

Therefore, Petitioner's motion for stay and abeyance should be granted by this Court.

## MOTION TO DISMISS HABEAS PETITION WITHOUT PREJUDICE

In Respondent's motion to dismiss Petitioner's habeas petition without prejudice, Respondent claims that a better more efficient procedure would be to dismiss Petitioner's Habeas petition without prejudice, subject to refiling after all Petitioner's pending State PRPs have been fully adjudicated by the Washington State Courts. See Response at page 4.

Respondent also claims that she would be prejudiced by not being able to obtain the state court files concerning Petitioner's PRPs because Respondent will be unable to address issues pertaining to exhaustion of Petitioner's habeas claims, or, whether Petitioner has met his burden to show that the state courts' decision in Petitioner's case were contrary to clearly established U.S. Supreme Court precendent. Furhtermore,

Brady's Reply to Respondent's Response - 5

Respondent claims that she would be placed in a position of filing repeated, long-term extension requests to file her answer because the necessary state court files could not be obtained from the state courts. Finally, Respondent requests that Petitioner provide this Court and the with a copy of the Washington Court of Appeals' certificate of finality for each of Petitioner's state PRP's, so as to assure that each PRP has been completely adjudicated in state court, then Petitioner could refile his habeas petition. See Response at page 4.

Petitioner had until December 29, 2011 to file his federal Habeas petition unless a state PRP has been properly filed. Since December 30, 2010, in each of Petitioner's state PRP's, the state courts have not decided whether the PRP is timely filed in state court. Therefore, Petitioner had to file his Habeas petition with this Court when Petitioner did, otherwise, Petitioner could possibly be time barred not only in the state courts, but also the federal courts. See 28 U.S.C. §2244(d)(2).

If this Court does what the Respondent wants and dismisses Petitioner's Habeas petition without prejudice, then this would be a dilatory tactic by the Respondent.

Accordingly, this Court should not dismiss Petitioner's Habeas petition, but instead, grant Petitioner's motion for stay and abeyance, so Petitioner can exhaust all his claims in state court PRPs and bring just one Federal Habeas petition. Furthermore, the Respondent would not be prejudiced by this Court placing Petitioner's case on stay because once the stay is lifted, then Respondent can file her one and only answer to Petitioner's Habeas petition without having to file extensions.

Brady's Reply to Respondent's Response - 6

III.  CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant Petitioner's motion for stay and abeyance, and deny Respondent's motion to dismiss Petitioner's Habeas petition without prejudice.

RESPECTFULLY SUBMITTED this 23rd day of January, 2012.

Michael J. Brady, Pro Se<br>
#847662<br>
Airway Heights Correctional Center<br>
P.O. Box 2049   MA-18L<br>
Airway Heights, Washington 99001-2049

CERTIFICATE OF MAILING

I certify that on the date indicated below I caused the foregoing document to be processed as legal mail, with first class postage affixed thereto, at the Airway Heights Correctional Center to the following:

| | |
|---|---|
| Clerk, United States District Court<br>United States Courthouse<br>1717 Pacific Ave., Rm. 3100<br>Tacoma, Washington 98402-3200 | Gregory J. Rosen<br>Assistant Attorney General<br>P.O. Box 40116<br>Olympia, Washington 98504-0116 |

EXECUTED this 23rd day of January, 2012, at Airway Heights, Washington.

Michael J. Brady, Pro Se<br>
#847662<br>
Airway Heights, Washington 99001-2049

Brady's Reply to Respondent's Response - 7