11-CV-06020-SUP

FILED _____ LODGED
_____ RECEIVED
MAR 14 2012
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

DISTRICT JUDGE ROBERT J. BRYAN
MAGISTRATE JUDGE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL JOSEPH BRADY,

    Petitioner,

v.

MAGGIE MILLER-STOUT,

    Respondent.

No. C11-6020 RJB/KLS

PETITIONER'S SUPPLEMENTAL RESPONSE TO MOTION TO STAY [ECF #9] AND MOTION TO DISMISS AND RESPONSE TO MOTION FOR STAY AND ABEYANCE [ECF #10].

COMES NOW, the Petitioner, Michael Joseph Brady, Pro Se, and respectfully submits this Supplemental Response to Motion to Stay [ECF #9] and Motion to Dismiss and Response to Motion for Stay and Abeyance [ECF #10].

Brady's Supplemental Response to [ECF #9] and [ECF #10] - 1

Magistrate Judge, Karen L. Strombom directed both parties to provide further information relating to the following matters: (1) the status of Petitioner's pending personal restraint petitions (only those challenging his state court convictions); (2) Petitioner's deadline to file his federal habeas petition; and (3) the status of the Washington state courts' determination of the timeliness of Petitioner's personal restraint petitions. See Order Directing Parties to Submit Further Briefing [ECF #12] filed on March 6, 2012.

Petitioner now respectfully submits this supplemental response.

I. <u>STATUS OF PETITIONER'S PENDING PERSONAL RESTRAINT PETITIONS</u>

Petitioner had only two personal restraint petitions challenging his state court convictions, until February 8, 2012, when a Commissioner of the Washington State Supreme Court directed that a Respondent be designated in another personal restraint

Brady's Supplemental Response to [ECF #9] and [ECF #10] -2

petition. Petitioner will give the status of each of the personal restraint petitions.

A. SUPREME COURT NO. 86589-2

All the initial briefing in this personal restraint petition has been filed and is now awaiting a ruling or order from the Court granting or denying the petition.

B. SUPREME COURT NO. 86640-6

All the initial briefing in this personal restraint petition has been filed and is now awaiting a ruling or order from the Court granting or denying the petition.

C. SUPREME COURT NO. 86856-5

The Commissioner of the Washington State Supreme Court directed that a Respondent be designated on February 8, 2012 and directed that counsel for Respondent is advised that a response to the allegations of the personal restraint petition must be served and filed within 60 days from the date of receipt of the petition, which is April 11, 2012.

Brady's Supplemental Response to [ECF #9] and [ECF #10] - 3

Petitioner then will have 30 days from the date of receipt of Respondent's response to file a reply, which is May 14, 2012. After all the briefing has been submitted, then the Court will issue a ruling or order granting or denying the petition.

## II. PETITIONER'S DEADLINE TO FILE FEDERAL HABEAS PETITION

The State claims that Petitioner's case became final for the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) to start running on October 6, 2008, when the United States Supreme Court denied review on Petitioner's writ of certiorari after resentencing, so Petitioner had until October 6, 2009 to either collaterally attack his judgment and sentence in State court or file a habeas corpus petition in federal court.

However, on September 9, 2010, the Washington State Supreme Court granted Petitioner's personal restraint petition and issued an order for the trial court to vacate Petitioner's six convictions

Brady's Supplemental Response to [ECF #9] and [ECF #10] - 4

for exploitation of a minor. On December 30, 2010, the trial court corrected Petitioner's judgment and sentence vacating the six convictions for exploitation of a minor, deleted the special verdict finding of sexual motivation pertaining to these counts, changed Petitioner's offender score from 87 to 69, and removed the 120 month sentence pertaining to these counts. Therefore, Petitioner believed that he had until December 29, 2011 to either collaterally attack his judgment and sentence in State court or file a habeas corpus petition in federal court.

Petitioner has filed five (5) personal restraint petitions challenging his State court convictions since October 6, 2009 and filed this habeas corpus petition in this Court on December 21, 2011. See [ECF #3].

### III. STATUS OF WASHINGTON'S COURTS DETERMINATION ON TIMELINESS.

As mentioned in the foregoing argument, Petitioner has filed five (5) personal restraint petitions concerning his State court convictions.

Brady's Supplemental Response to [ECF #9] and [ECF #10] - 5

A. SUPREME COURT NO. 85163-8

In his ruling dismissing personal restraint petition, the court Commissioner determined that he need not decide whether the petition is timely, since it clearly lacks merit.

B. SUPREME COURT NO. 85785-7

In his ruling dismissing personal restraint petition, the court Commissioner determined that he need not decide whether the petition is timely, since it clearly lacks merit.

C. OTHER PETITIONS

As mentioned in Part I, the other three (3) personal restraint petitions are either awaiting a ruling or order granting or dismissing personal restraint petition or a response from the State.

As this Court can see, the status of the Washington state courts' determination of the timeliness of Petitioner's personal restraint petitions gives Petitioner no peace of mind that if Petitioner waited until the Washington courts' issued a ruling, granting or denying

Brady's Supplemental Response to [ECF#9] and [ECF#10] - 6

his personal restraint petitions, Petitioner could have been time-barred, if he did not file his habeas petition when he did. The Washington courts' have not determined the timeliness of any of Petitioner's personal restraint petitions before the one year statute of limitations contained in 28 U.S.C. § 2244(d) ran out, so Petitioner ensured his day in federal court by filing his federal habeas petition timely, before the one year statute of limitation ran its course.

## IV. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant Petitioner's Motion for Stay and Abeyance, and deny Respondent's Motion to Dismiss Petitioner's Habeas Petition Without Prejudice.

Brady's Supplemental Response to [ECF #9] and [ECF #10] - 7

RESPECTFULLY submitted this 12th day of March, 2012.

*Michael J. Brady*

Michael J. Brady, Pro Se.
#847662
Airway Heights Correctional Center
P.O. Box 2049 MA-18L
Airway Heights, Washington 99001-2049

## CERTIFICATE OF MAILING

I certify that on the date indicated below I caused the foregoing document to be processed as legal mail, with first class postage affixed thereto, at the Airway Heights Correctional Center to the following:

Clerk, United States District Court
United States Courthouse
1717 Pacific Ave., Rm. 3100
Tacoma, Washington 98402-3200

Gregory J. Rosen
Assistant Attorney General
P.O. Box 40116
Olympia, Washington 98504-0116

EXECUTED this 12th day of March, 2012 at Airway Heights, Washington.

*Michael J. Brady*

Michael J. Brady, Pro Se.
#847662
Airway Heights Correctional Center
P.O. Box 2049 MA-18L
Airway Heights, Washington 99001-2049

Brady's Supplemental Response to [ECF #9] and [ECF #10] - 8