UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL JOSEPH BRADY,

    Petitioner,

v.

MAGGIE MILLER-STOUT,

    Respondent.

NO. C11-6020 RJB/KLS

ORDER GRANTING PETITIONER'S MOTION TO STAY AND DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Petitioner's Motion to Stay. ECF No. 9. Petitioner Michael Joseph Brady requests a stay of his federal habeas petition pending resolution of three state court petitions attacking his state court convictions. Respondent opposes the stay and moves in the alternative, for dismissal of the habeas petition without prejudice to re-filing after the state court proceedings have been resolved. ECF No. 10. Respondent does not address the merits of Petitioner's habeas claims and seeks to reserve her right to move to dismiss the petition as untimely if the petition is filed at a later time. ECF No. 13, p. 4.

Based on the information originally provided, the Court directed the parties to provide further information relating to the status of Mr. Brady's personal restraint petitions (as he has filed numerous petitions but only some challenge his state court convictions), and regarding Petitioner's deadline to file his federal habeas petition. ECF No. 12. The parties submitted additional briefing on their motions. ECF Nos. 13 and 14. Having reviewed the submissions and being fully advised, the Court finds that this matter should be stayed pending resolution of Mr. Brady's state court proceedings.

ORDER - 1

## BACKGROUND

Mr. Brady is currently litigating the following personal restraint petitions (PRP) in the Washington Supreme Court that challenge his state court convictions:

(1) Case No. 86589-2 – Briefing complete; awaiting decision

(2) Case No. 86640-6 – Briefing complete; awaiting decision

(3) Case No. 86856-5 – Response to PRP due April 9, 2012; Petitioner's reply is due May 14, 2012; decision to follow

Mr. Brady was found guilty following a bench trial in Pierce County Superior Court on 17 counts of first degree child rape, 7 counts of first degree child molestation, and 6 counts of sexual exploitation of a minor with sexual motivation. *See State v. Brady,* 2004 WL 958070 (Wash.App. Div. 2, May 4, 2004) (unpublished opinion). According to Mr. Brady, after the Washington Supreme Court granted his personal restraint petition on September 9, 2010, he was re-sentenced on December 30, 2010. At that time, the trial court vacated six of his convictions for exploitation of a minor, deleted the special verdict finding pertaining to those counts, and reduced his sentence accordingly. Mr. Brady believes he then had one year after re-sentencing, until December 29, 2011, to either collaterally attack his judgment and sentence in state court or file a habeas corpus petition in federal court. ECF No. 14, at 5. He has filed five personal restraint petitions challenging his state court convictions since 2009. He filed his federal habeas corpus petition on December 9, 2011. ECF No. 1, at 34.

## DISCUSSION

The Court may stay a petition where the stay would be a proper exercise of discretion. *Rhines v. Weber*, 125 S. Ct. 1528, 1534 (2005); *see also Fetterly v. Paskett*, 997 F.2d 1295 (9th

Cir. 1993); *Calderon v. United States Dist. Court (Thomas)*, 144 F.3d 618, 620 (9th Cir. 1998); *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000).

The Court agrees that a stay of this federal habeas proceeding is the appropriate course of action and that neither party shall be prejudiced by such a stay. After the state courts have completely adjudicated Mr. Brady's state court proceedings, Respondent will be able to obtain all the state court files pertinent to Mr. Brady's federal habeas claims and may fully address issues pertaining to exhaustion, the statute of limitations, and the merits of his claims.

The stay shall remain in place until such time as Mr. Brady notifies this Court and the Respondent in writing that the pending state court proceedings are completed. When Mr. Brady receives the certificate of finality from the Washington Court of Appeals as to each of his state court petitions, he should send a copy of the certificate to this Court and to Respondent. While awaiting final resolution of his state court proceedings, Mr. Brady shall provide the Court with a short written report of the status of his pending state court petitions every sixty (60) days. After all the pending state court proceedings are completed, the Court will lift the stay and will allow Respondent forty-five (45) days to file her answer to Mr. Brady's habeas petition from the date of the Court's Order dissolving the stay.

Accordingly, it is **ORDERED:**

(1) Petitioner's motion for a stay (ECF No. 9) is **GRANTED** and this matter is **STAYED** pending resolution of the state court proceedings.

(2) Respondent's motion to dismiss without prejudice (ECF No. 10) is **DENIED.**

(3) Petitioner shall advise the Court within **thirty (30)** days of receiving a final State court ruling on each of his pending state court petitions. Petitioner shall send a copy of

the certificate of finality received from the Washington Court of Appeals as to each of his state court petitions to this Court and to Respondent. Petitioner shall also provide the Court with a short written report of the status of his pending state court petition every sixty (60) days.

(4) The Clerk shall send copies of this Order to Petitioner and counsel for Respondent.

**DATED** this  29th  of March, 2012.

Karen L. Strombom
United States Magistrate Judge