

FILED _____ LODGED
_____ RECEIVED
NOV 21 2012
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

DISTRICT JUDGE ROBERT J. BRYAN
MAGISTRATE JUDGE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL JOSEPH BRADY,<br><br>    Petitioner,<br><br>v.<br><br>MAGGIE MILLER-STOUT,<br><br>    Respondent. | No. C11-6020 RJB/KLS<br><br>PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO MOTIONS TO AMEND HABEAS PETITION AND TO LIFT STAY. |

COMES NOW, Petitioner, Michael Joseph Brady, Pro Se, and respectfully submits this reply ~~response~~ to Respondent's response to motions to amend Habeas petition and to lift stay. [E.C.F. #23]

Petitioner's Reply to Respondent's Response to Amend - 1

I. STATEMENT OF THE CASE

Petitioner agrees to the "STATEMENT OF THE CASE" as set out in Respondent's Response to Motions to AMEND HABEAS PETITION and to LIFT STAY (Response). See Response at 1-2. [E.C.F. #23].

II. DISCUSSION

Whether this Court should defer ruling on Petitioner's Motion to Amend Habeas Corpus Petition adding Claims 35 and 36? [ECF #21]

Respondent requests in her response that this Court should defer ruling on Petitioner's Motion to Amend Habeas Corpus Petition [ECF #21] until she has a chance to file her Answer to Petitioner's Habeas Petition. [ECF #1]. See Response at 2.

Furthermore, Respondent claims that when she has had a complete opportunity to thoroughly review the entirety of Petitioner's petition, then she will address whether Petitioner's motion should be granted or denied. See Response at 2-3.

However, if this Court grants Petitioner's Motion to Amend Habeas Corpus Petition [ECF #21] now, then the Respondent will still be able to address claims 35 and 36 in her Answer. Petitioner is confused why, in the interest of judicial economy, would Respondent ask this Court to defer its ruling on Petitioner's Motion to Amend Habeas Corpus Petition [ECF #21] until she has had a chance to file her Answer? Respondent would not be prejudiced in any way, by this Court granting Petitioner's Motion to Amend Habeas Corpus Petition [ECF #21] now, instead ~~and direct~~ of ~~Respondent~~ until after Respondent files her Answer.

Petitioner respectfully requests that this Court grant his Motion to Amend Habeas Corpus Petition [ECF #21] and direct Respondent that she can argue whether relief should be granted on any of the 36 Claims, when she files her Answer.

Petitioner's Reply to Respondent's Response to Amend - 3

B.  Should this Court modify its earlier order directing Respondent to file her Answer in 45 days [ECF #15]?

Respondent claims that an adequate answer to all 36 claims will undoubtedly require a far greater amount of time than the customary 45-day time period, given that many habeas petitions, for example, present fewer than 10 claims. See Response at 3.

Furthermore, Respondent claims that her counsel's other numerous caseload commitments, and the Holiday seasons of Thanksgiving, Christmas, and New Year's, that this Court permit Respondent until March 1, 2013 to file her Answer to Petitioner's Habeas Corpus Petition. See Response 3-4.

Finally, Respondent claims that because Petitioner sought a stay in January 2012 so that he could complete litigation in his three (3) pending state court petitions, Petitioner cannot credibly claim that Respondent's request an

Petitioner's Reply to Respondent's Response to Amend - 4

extension of time until March 1, 2013 to file her Answer is excessive. See Response at page 4.

    First, Petitioner was not aware that there was a limit to how many claims he could present to this Court. The only requirement that Petitioner is aware of, is that any claim submitted, must first give the State's highest court a chance to rule on it, according to the AEDPA. Additionally, Petitioner's case is not typical. Petitioner was resentenced in 2006 because of <u>Blakely v. Washington</u>, and potentially resentenced on December 30, 2010, when the Superior court removed six (6) counts (which was a whole crime category) and the 120 month sentence associated with those counts, changed Petitioner's offender score, and vacated a special verdict finding, based on an order from the Washington State Supreme Court because of insufficient evidence.

    Next, Petitioner understands that his case is not the only case on Respondent's counsel's caseload, and that people

Petitioner's Reply to Respondent's Response to Amend - 5

take time ~~ofd~~ off during the Holiday season.

Finally, Petitioner has no way to know how long it will take to complete litigation in his criminal case. Respondent's claim that Petitioner knew that it would take months, inferring a delay tactic, is unfounded. Petitioner is aware that he is allowed to file just one (1) Habeas Corpus petition based on claims presented to the States highest court within one year after his judgment and sentence becomes final, according to the AEDPA.

Petitioner does not oppose Respondents request that this Court modify it earlier order [ECF#15] and give Respondent an extension of time, until March 1, 2013, to file her Answer to the 36 claims currently presented in Petitioner's Habeas Corpus Petition.

///

///

///

///

Petitioner's Reply to Respondents Response to Amend - 6

## III. CONCLUSION

Petitioner respectfully requests that this Court grant his Motion to Amend Habeas Corpus Petition [ECF #21], lift the stay, and modify its earlier order directing the Respondent to file her Answer in 45 days [ECF #15] permitting the Respondent an extension of time until March 1, 2013 to file her answer to all 36 claims in Petitioner's Habeas Corpus petition.

RESPECTFULLY submitted this 18th day of November, 2013.

_Michael J. Brady_
Michael J. Brady, Pro Se
#847662
Airway Heights Correctional Center
P.O. Box 2049 MB-63U
Airway Heights, Washington 99001-2049

Petitioner's Reply to Respondent's Responses to Amend - 7

# CERTIFICATE OF MAILING

I certify that on the date indicated below I caused the foregoing document to be processed as legal mail, with first class postage affixed thereto, at Airway Heights, Washington to the following:

Clerk, United States District Court
United States Courthouse
1717 Pacific Avenue, Room 3100
Tacoma, Washington 98402-3200

Gregory J. Rosen
Assistant Attorney General
P.O. Box 40116
Olympia, Washington 98504-0116

Dated this 18th day of November 2013.

_Michael J. Brady_
Michael J. Brady, Pro Se
#847662
Airway Heights Correctional Center.
P.O. Box 2049  MB-63U
Airway Heights, Washington 99001-2049.

Petitioner's Reply to Respondent's Response to Amend - 8