UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL JOSEPH BRADY,

                    Petitioner,

    v.

MAGGIE MILLER-STOUT.

                    Respondent.

CASE NO. C11-6020 RJB-KLS

REPORT AND
RECOMMENDATION

NOTED FOR:
AUGUST 23, 2013

      The District Court has referred this 28 U.S.C. § 2254 petition for a writ of habeas corpus to United States Magistrate Judge Karen L. Strombom. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction.

      The Court recommends denial of the petition. Many of petitioner's grounds for relief are procedurally barred and petitioner fails to show that any reviewable decision of the state courts violated a clearly established constitutional right or duty owed to petitioner. Further, petitioner has received the relief he is entitled to in state court as his exceptional sentence has been vacated.

Report and Recommendation           1

BASIS FOR CUSTODY

Petitioner is serving a three hundred and eighteen month sentence. ECF No. 27, Exhibit 4.  After a bench trial, the Pierce County Superior Court found petitioner guilty of seventeen counts of rape of a child in the first degree, seven counts of first degree child molestation and six counts of sexual exploitation of a minor. ECF No. 27, Exhibit 1.  At sentencing on November 22, 2002, the trial sentenced Mr. Brady to a total exceptional sentence of six hundred and thirty-six months.  ECF No. 27, Exhibit 1.  Petitioner received relief from his exceptional sentences through a personal restraint petition, ECF No. 27, Exhibit 17, and the trial court re-sentence petitioner to the three hundred and eighteen month sentence he is currently serving.  Petitioner received additional relief through another personal restraint petition and the Washington State Supreme Court ordered the trial court to vacate the six convictions for sexual exploitation of a minor. ECF No. 27, Exhibit 5.  The change in petitioner's offender score that resulted from vacating the six sexual exploitation convictions did not warrant re-sentencing on the remaining convictions. *Id*.

FACTS

The Washington State Court of Appeals summarized, as follows, the facts surrounding the convictions when it considered petitioner's first direct appeal. ECF No. 27, Exhibit 10.

> Brady lived with his wife, Angela Brady, and her two daughters, seven year old S.S. and nine year old K.S. On at least four separate occasions, Brady raped, molested, and sexually exploited the girls. Further, he photographed these acts; these pictures became the basis for each charge against him.
>
> School counselor Wendy Fordyce became concerned for the girls' welfare when she was informed that Brady had tattooed S.S.'s buttocks. Fordyce contacted Child Protective Services (CPS) worker Amy Slough, who interviewed K.S. K.S. revealed to Slough that Brady had sexually abused her and S.S.

1    K.S. told Angela that Brady had sexually abused her and she showed Angela
     where Brady kept a pink vibrator and lubricant that he used to molest the girls.
2    K.S. later told CPS forensic child interviewer, Kim Shouse, that Brady had been
     sexually molesting her for approximately two years and that he used a vibrator to
3    sexually abuse S.S.

4    In an amended information, the State charged Brady with 16 counts of first degree
     child rape and five counts of first degree child molestation. But Angela was
5    concerned that there was not enough evidence to convict so she began
     communicating with Brady in jail, hoping to elicit admissions. After she told him
6    that what he had done excited her, Brady disclosed that he had taken digital
     photographs of his sexual acts with K.S. and S.S. and that these pictures were on
7    their home computer. He also told Angela how to access the photos.

8
     Angela brought the computer and related disks to the police department. The
9    police then made a copy of Brady's hard drive and disks, locating numerous
     sexually explicit photographs of Brady with the two girls. The police were able to
10   discern the precise time each photo was taken, and the State linked each charged
     offense with a specific picture obtained from Brady's files.

11
     Based on this additional evidence, the State filed a second amended information
12   charging Brady with 17 counts of first degree child rape, 7 counts of first degree
     child molestation, and 7 counts of sexual exploitation of a minor with sexual
13   motivation. Following a bench trial, the court convicted Brady as charged on the
     rape and child molestations counts and found him guilty of 6 of the 7 sexual
14   exploitation of a minor counts.

15   The court then sentenced Brady at the high end of the standard range on each
     count: 318 months for each first degree rape charge, 193 months for each child
16   molestation charge, and 120 months for each sexual exploitation charge. The
     court ruled that the rape convictions for each category of crime should run
17   concurrently to each other but that the 318, 193, and 120 month sentences for
     rape, molestation, and sexual exploitation of a minor should run consecutively.
18   This resulted in an exceptional sentence of 636 months.

19   ECF No. 27, Exhibit 10, pages 1-3, The trial court actually sentenced petitioner to 198 months on

20   the molestation charges rather than the 193 months as recited by the Washington Court of

21   Appeals. ECF No. 27, Exhibit 1.

22

23

24   Report and Recommendation            3

1

## STATE PROCEDURAL HISTORY

2     Petitioner's procedural history is complex and includes eleven personal restraint petitions

3 and two direct appeals.  Petitioner also filed multiple other personal restraint petitions

4 challenging actions of the Department of Corrections.  When necessary the procedural history

5 will be discussed under the relevant assignment of error.

6

## FEDERAL HABEAS PETITION

7     Petitioner filed the federal habeas corpus petition that is now before this Court on

8 December 14, 2011, in which he raises thirty-four grounds for relief. ECF No. 1.  In light of the

9 large number of errors asserted, rather than providing a list, each error will be described in detail

10 when discussed in this Report and Recommendation.  Petitioner also filed a motion to amend in

11 which he seeks to add two more grounds for relief. ECF No. 21.

12

## ABANDONED CLAIMS

13     In petitioner's reply to respondent's answer, ECF No. 33, petitioner abandoned eleven of

14 his grounds for relief.

15     Petitioner abandoned grounds for relief number 25, 31, 32, and 33, as he agreed with

16 respondent that these grounds for relief do not state a cognizable claim.  These claims all relate

17 to actions of the Department of Corrections and do not challenge his conviction. ECF No. 33,

18 page 14.

19     Petitioner abandoned grounds for relief 16, 17, 18 and 19, as he agreed with respondent

20 that these grounds for relief fail to state a cognizable ground for federal habeas relief. ECF No.

21 33, page 16.  Petitioner also agreed with respondent that petitioner did not properly exhaust

22 grounds for relief 22 and 34 and that Petitioner cannot show cause that would excuse his

23 procedural default on these grounds for relief. ECF No. 33, page 30.  Petitioner conceded that

24 Report and Recommendation                    4

1    ground for relief 3 is without merit. ECF No. 33, page 38.  The Court recommends summary

2    denial of these eleven grounds for relief based on petitioner's concessions.  As petitioner has

3    abandoned these grounds for relief they do not warrant further consideration and the Court will

4    not discuss them in this Report and Recommendation.

5                                    STANDARD OF REVIEW

6          Federal courts may intervene in the state judicial process only to correct wrongs of

7    constitutional dimension. *Engle v. Isaac*, 456 U.S. 107, 119 (1983).  28 U.S.C. § 2254

8    explicitly states that a federal court may entertain an application for a writ of habeas corpus

9    "only on the ground that [petitioner] is in custody in violation of the constitution or law or

10   treaties of the United States." 28 U.S.C. § 2254(a).  The Supreme Court has stated that

11   federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502

12   U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37,

13   41 (1984).

14         A habeas corpus petition shall not be granted with respect to any claim adjudicated on

15   the merits in the state courts unless the adjudication either: (1) resulted in a decision that was

16   contrary to, or involved an unreasonable application of, clearly established federal law, as

17   determined by the Supreme Court; or (2) resulted in a decision that was based on an

18   unreasonable determination of the facts in light of the evidence presented to the state courts.

19   28 U.S.C. §2254(d).  Further, a determination of a factual issue by a state court shall be

20   presumed correct, and the applicant has the burden of rebutting the presumption of

21   correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

22

23

24   Report and Recommendation              5

1

<u>EVIDENTIARY HEARING</u>

2    Petitioner argues that he is entitled to an evidentiary hearing, but the standard that

3 petitioner sets forth in his briefing is outdated and was articulated before the passage of the

4 Antiterrorism and Effective Death Penalty Act ("AEDPA"). ECF No. 33, pages 26 -29.

5 Evidentiary hearings are not usually necessary in habeas cases.  According to 28 U.S.C.

6 §2254(e)(2), a hearing may occur only if a habeas applicant has failed to develop the factual

7 basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new

8 rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court

9 that was previously unavailable, or if there is (2) a factual predicate that could not have been

10 previously discovered through the exercise of due diligence; and (B) the facts underlying the

11 claim would be sufficient to establish by clear and convincing evidence that but for constitutional

12 error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

13 28 U.S.C. §2254(e)(2).

14    Petitioner relies on established constitutional law and the factual predicates were

15 available at trial.  Further, the facts do not establish that petitioner is innocent or that any

16 reasonable finder of fact could have found the petitioner not guilty.  Accordingly, the Court

17 concludes that an evidentiary hearing is not necessary to decide this petition.

18

<u>DISCUSSION</u>

19    A.    Failure to state a federal constitutional claim.

20    Respondent argues that grounds for relief 1, 27, 28, and 30 fail to state a cognizable

21 claim because they involve only issues of state law. ECF No. 26, page 25.   The Supreme

22 Court has stated that federal habeas corpus relief does not lie for mere errors of state law.

23

24 Report and Recommendation          6

1  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990);

2  *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

3        1.      Ground for relief 1- Same criminal conduct.

4        In his first ground for relief petitioner argues that many of his convictions involved the

5  same criminal conduct and should have counted as one conviction instead of several.  Petitioner

6  first raised this issue on direct appeal and petitioner argued that the issue was a violation of state

7  law. ECF No. 27, Exhibit 7, page 2.  The Washington State Court of Appeals addressed the issue

8  as being a matter of state law, ECF NO. 27, Exhibit 10, pages 3-6, and held that what constitutes

9  the "same criminal conduct" in Washington is defined by state statute. ECF No. 27, Exhibit

10  10(a), page 5 (*citing* RCW 9.94A.589(1)(a).  In petitioner's motion for discretionary review the

11  claim was again brought only as a state law claim. ECF No. 27, Exhibit 10(a), pages 2-5. The

12  Washington State Supreme Court did not address the issue in a reasoned opinion and simply

13  denied review. ECF No. 27, Exhibit 10(b).

14        This alleged error was analyzed under state law and petitioner fails to show any

15  cognizable federal habeas corpus issue regarding this ground for relief.  The Court recommends

16  denial of this ground for relief as it involves an issue of state law.

17        2.      Ground for relief 27 - Insufficient evidence.

18        Respondent argues this ground for relief fails to state a cognizable claim because it

19  involves only issues of state law.  The Court disagrees.  Petitioner's claim reads:

20        The trial court found on its own that 23 of my current convictions could be used
21        to enhance my criminal history, which in turn, enhanced my presumptive sentence
      range based on insufficient evidence presented in the sentencing hearing raising
22        my offender score from 0 to 87.

23  ECF No. 1.  Petitioner raised this ground for relief in his ninth personal restraint petition. ECF

24  No. 27, Exhibit 78.  The Commissioner held that petitioner had raised a nearly identical claim in

Report and Recommendation       7

his second direct appeal and that the Washington State Court of Appeals had already addressed the issue. ECF No. 27, Exhibit 80 (*citing Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  The Washington State Court of Appeals addressed this claim both as a state law issue regarding offender scores, and as a Sixth Amendment claim, regarding fact finding by the sentencing judge.  The Washington State Court of Appeals found the issue was without merit. ECF No. 27, Exhibit 24, page 3-4.  The court stated:

> In his Statement of Additional Grounds (SAG), Brady argues that the trial court erred in calculating his offender score because it (1) found that his convictions each constituted separate criminal conduct and (2) counted 29 of his 30 offenses as prior offenses. He maintains that a jury must make both findings. He is mistaken. The trier of fact must find any fact, other than a prior conviction, that increases a defendant's sentence beyond the presumptive statutory maximum beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The trier of fact need not find facts relating to a defendant's offender score. *State v. Hunt*, 128 Wn.App. 535, 541 (2005), *review denied*, 160 Wn.2d 10021 (2007). The trial court did not err in calculating Brady's offender score.

ECF No. 27, Exhibit 24, pages 3-4.  The Court concludes that to the extent petitioner is challenging his offender score, that is a matter of state law and not cognizable in a federal habeas action.  The Court concludes that to the extent petitioner is claiming a violation of a Sixth Amendment right he is in error.  Using prior convictions to determine an offender score does not implicate the Sixth Amendment because the offender score is based on facts that the court can find without a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  Petitioner has not shown that the ruling of the Washington State Court of Appeals resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  The Court recommends dismissal of ground for relief 27.

      3.      Ground for relief 28 - Notice of sentencing scheme enhancement.

      In ground for relief twenty-eight petitioner states:

Report and Recommendation        8

1        My charging document never gave me notice that I would have to defend against
       the trial court's factual finding, on its own, that 23 "other current offenses" were
2        in fact prior convictions, which would be used to enhance my criminal history.

3 ECF No. 1. Petitioner also states that this ground for relief was pending in state court at the time

4 he filed this petition. ECF No. 1-1 at page 24.  The Court has examined the record and finds the

5 only place where petitioner argues that the charging document had to inform him that other

6 current convictions could be used to enhance his sentence is in petitioner's motion for

7 discretionary review to the Washington State Supreme Court from the denial of his second direct

8 appeal. ECF No. 27, Exhibit 27, page 7 issue 2.  The issue was raised as a Sixth Amendment

9 claim.  Petitioner did not raise this issue in his second direct appeal before the Washington State

10 Court of Appeals. ECF No.27, Exhibit 21.  The Washington State Supreme Court did not address

11 the issue and denied review without issuing a reasoned opinion. ECF No. 27, Exhibit 28.

12        Petitioner's raising this claim for the first time in a motion for discretionary review does

13 not constitute proper exhaustion.  A federal habeas petitioner must provide the state courts with a

14 fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364,

15 365 (1995) (*citing Picard v. Connor*, 404 U.S. 270, 275 (1971)).  Petitioner must have exhausted

16 the claim at every level of appeal in the state courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th

17 Cir. 1992).  It is not enough that all the facts necessary to support the federal claim were before

18 the state courts or that a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-

19 66 (*citing Picard*, 404 U.S. at 275 *and Anderson v. Harless*, 459 U.S. 4 (1982)).  Petitioner failed

20 to properly exhaust this claim and he cannot return to state Court because he is time barred from

21 filing any further collateral challenge to this conviction.  The Court concludes that this issue is

22 procedurally barred.

23

24 Report and Recommendation           9

1    Petitioner concedes that he cannot show good cause for procedurally defaulted claims.

2  ECF No. 33, page 30.  The Court recommends dismissal of this ground for relief as it is

3  procedurally barred.

4    In the alternative, petitioner's claim fails on the merits.  A charging document needs to

5  set forth the elements of the crime, not sentencing information. *See, generally, U.S. v. O'Brien*,

6  560 U.S. 218, 130 S. Ct. 2169, 2174 (2010).  The Supreme Court stated:

7      Elements of a crime must be charged in an indictment and proved to a jury
       beyond a reasonable doubt. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct.
8      2887, 41 L.Ed.2d 590 (1974); *Jones v. United States*, 526 U.S. 227, 232, 119
       S.Ct. 1215, 143 L.Ed.2d 311 (1999). Sentencing factors, on the other hand, can be
9      proved to a judge at sentencing by a preponderance of the evidence. *See McMillan
       v. Pennsylvania*, 477 U.S. 79, 91–92, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).
10     Though one exception has been established, *see Almendarez–Torres v. United
       States*, 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), " '[i]t is
11     unconstitutional for a legislature to remove from the jury the assessment of facts
       that increase the prescribed range of penalties to which a criminal defendant is
12     exposed.' " *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147
       L.Ed.2d 435 (2000) (quoting *Jones, supra*, at 252–53, 119 S.Ct. 1215
13     (STEVENS, J., concurring)). In other words, while sentencing factors may guide
       or confine a judge's discretion in sentencing an offender "within the range
14     prescribed by statute," *Apprendi, supra*, at 481, 120 S.Ct. 2348, judge-found
       sentencing factors cannot increase the maximum sentence a defendant might
15     otherwise receive based purely on the facts found by the jury.

16  *U.S. v. O'Brien*, 560 U.S. 218, 130 S. Ct. 2169, 2174 (2010).  Prior convictions do not need to be

17  found by a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  Therefore petitioner had no

18  constitutional right to have information about his prior convictions in the charging document.

19  This ground for relief is without merit.  The Court recommends dismissal of ground for relief 28.

20    4.    Ground for relief 30 - Disparate treatment.

21  Petitioner argues disparate treatment and states:

22     The trial court determined that I had 23 prior convictions without finding that I
       had a chance to reform my behavior creating disparate treatment of me, compared
23     to an offender who has 23 separate opportunities to reform their behavior by
       probation or incarceration and had chosen not to reform.

24  Report and Recommendation          10

Petitioner raised this ground for relief in his ninth personal restraint petition. ECF No. 27, Exhibit 78, ground for relief number five.  The Washington Supreme Court Commissioner found the issue to be the same as one that petitioner had raised in his second direct appeal, namely, the counting of offenses as prior offenses when the petitioner is found guilty of multiple offenses in the same proceeding. ECF No. 27, Exhibit 80.

Whether an offense counts as a separate offense or as part of the same criminal conduct is a matter of state law. *See,* RCW 9.94A.589(1)(a).  To the extent petitioner attempts to raise this issue as an equal protection claim and argues disparate treatment, the argument is frivolous.

The United States Supreme Court has observed that "showing that different persons are treated differently is not enough without more, to show a denial of Equal Protection." *Griffin v. County Sch. Bd. of Prince Edward County*, 377 U.S. 218, 230 (1964).  A person must demonstrate that he was treated differently because he belonged to a protected class. *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963); *Flores v. Morgan Hill Unified School Dist.*, 324 F3d. 1130, 1135 (9th Cir. 2003).  Petitioner fails to pled facts to support his claim. Petitioner fails to show that the ruling of the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or that the state court rulings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).  Accordingly, the Court recommends denial of ground for relief 30.

B.      Duplicative grounds for relief - Grounds for relief 7, 8, 26, and 29.

Respondent argues that grounds for relief seven, eight, twenty-six, and twenty-nine are duplicative.  All of these grounds for relief stem from petitioner's belief that a jury, as opposed to the trial court, had to find that petitioner's conduct constituted separate crimes, and that the

Report and Recommendation                                    11

1    trial court could not count his other convictions as prior convictions in determining an offender

2    score.  The Court agrees these grounds for relief are duplicative.  Further, the grounds for relief

3    overlap with petitioner's first ground for relief.

4          The Washington State Court of Appeals considered this claim and held:

5          In his Statement of Additional Grounds (SAG), Brady argues that the trial court
           erred in calculating his offender score because it (1) found that his convictions
6          each constituted separate criminal conduct and (2) counted 29 of his 30 offenses
           as prior offenses. He maintains that a jury must make both findings. He is
7          mistaken. The trier of fact must find any fact, other than a prior conviction, that
           increases a defendant's sentence beyond the presumptive statutory maximum
8          beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).
           The trier of fact need not find facts relating to a defendant's offender score. *State*
9          *v. Hunt*, 128 Wn.App. 535, 541 (2005), *review denied*, 160 Wn.2d 10021 (2007).
           The trial court did not err in calculating Brady's offender score.

10   ECF No. 27, Exhibit 24, pages 3-4.  The Washington Court of Appeals decision correctly applies

11   the current Supreme Court precedent.  Neither *Apprendi* nor *Blakely* prohibits a sentencing judge

12   from considering other current convictions as prior convictions when determining an offender

13   score. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Blakely v. Washington*, 542 U.S. 296

14   (2004).  Further, this Court concludes that the decision of the Washington State Court of Appeals

15   did not result in a decision contrary to, or involve an unreasonable application of, clearly

16   established federal law, as determined by the Supreme Court.  Nor did the Washington State

17   Court of Appeals decision result in a decision that is based on an unreasonable determination of

18   the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Accordingly,

19   the Court recommends denying these four grounds for relief.

20          C.      Illegal search allegations - Ground for relief 14.

21          Petitioner alleges:

22          In Petitioner's case the State was allowed to seize evidence because it used
           testimonial hearsay statement of a babysitter. The State then used this testimonial
23          hearsay to justify its investigation of Petitioner, which resulted in the victim K.S.

24   Report and Recommendation              12

1

making disclosures about sexual abuse. The State then arrested Petitioner.
Petitioner disclosed where evidence about the abuse could be found. All of this
evidence was collected on the testimonial statement of a babysitter who knew that
her statements would be used to investigate Petitioner, should be considered the
"fruit" of the poisonous tree."[sic]

2

3

4  ECF No. 1, page 25 of 71.

5       The Fourth Amendment guards against "unreasonable searches and seizures" and Courts

6  will exclude evidence in order to effectuate these rights. *Stone v. Powell*, 428 U.S. 465, 482

7  (1976).  However, the exclusionary rule itself is not a personal constitutional right. *Id*. at 486.

8  The rule is a judicially created remedial device designed to deter future misconduct by removing

9  the incentive to disregard the Fourth Amendment. *Id*. at 484.  Evidence obtained in violation of

10  the Fourth Amendment is excluded in the hope that the frequency of future violations will

11  decrease. *Id*. at 492.

12       As with any remedial device, application of the exclusionary rule is restricted to those

13  areas in which its remedial objectives are thought to be most efficaciously served. *United States*

14  *v. Calandra*, 414 U.S. 338, 348 (1974).  The Supreme Court recognized that implementation of

15  the exclusionary rule at trial and on direct appeal discourages law enforcement officials from

16  violating the Fourth Amendment. *Powell*, 428 U.S. at 492-93.  "But the additional contribution,

17  if any, of the consideration of search-and-seizure claims of state prisoners on collateral review is

18  small in relation to the costs." *Id*. at 493.  For this reason, the *Powell* Court removed Fourth

19  Amendment claims from the scope of federal habeas corpus review.  The Supreme Court held:

20       "[W]here the state has provided an opportunity for full and fair litigation of a
        Fourth Amendment claim, the Constitution does not require that a state prisoner
        be granted federal habeas corpus relief on the ground that evidence obtained in an
        unconstitutional search or seizure was introduced at his trial."

21

22

*Powell*, 428 U.S. at 482. It is not necessary that a petitioner actually litigate the Fourth

23

Amendment claim in state court.  *Powell* bars habeas corpus review of such claims so long as

24  Report and Recommendation        13

1    petitioner had the opportunity to litigate the claims, as was the case with Mr. Brady.  Mr. Brady

2    had the ability to object to the admission of evidence and raise his fourth amendment claims both

3    at trial and on direct appeal.  Specifically, Mr. Brady objected to the admission of a computer

4    disk that contained the pictures of him and his victims. ECF No. 27, Exhibit 8, Assignment of

5    Error 3.  The Washington State Court of Appeals noted that petitioner also objected to the

6    admission of this evidence at trial. ECF No. 27, Exhibit 10, page 11.

7         Therefore, the Court recommends that this fourteenth ground for relief be denied because

8    petitioner had a full and fair opportunity to litigate the ground for relief in state court.

9         D.      The confrontation clause - Grounds for relief 12 and 13.

10        Petitioner alleges that the trial court denied him his right to confrontation when it

11   considered hearsay statements made by one of the victims, S.S., and a babysitter.  The statements

12   concerned petitioner allegedly placing a tattoo on of his stepdaughter's buttocks.  These

13   statements came in through the testimony of the school counselor and were offered to show why

14   the investigation was commenced.  Thus, the testimony was not offered for the truth of the

15   matter asserted. Rather, it was offered to show what prompted the investigation of sexual abuse.

16        The Washington State Court of Appeals considered these grounds for relief in petitioner's

17   second personal restraint petition and held that the statements of the babysitter were not hearsay

18   because they were not admitted for the truth of the matter asserted. ECF No. 27, Exhibit 34,

19   pages 1 and 2.  The court also stated that the:

20        ... right of confrontation applies only to witnesses or their statements presented at
         trial. It grants no right to "confront" persons whose reports prompt criminal

21        inquires. *See United States v. Brown*, 322 F. Supp. 2d 101, 105 n.4 (D. Mass
         2004). Mr. Brady's right to confrontation thus was not violated merely because a

22        hearsay statement led police to investigate him.

23

24   Report and Recommendation       14

1    ECF No. 27, Exhibit 34, page 1-2.  Petitioner also alleges that his right to confrontation was

2    violated because victim S.S. did not testify.  Photographs formed the basis for every charge

3    against petitioner and the testimony of this child victim was not needed.  As the Washington

4    Supreme Court Commissioner noted, the availability of the victim was irrelevant as no testimony

5    or hearsay statements from this victim were entered into evidence. ECF No. 27, Exhibit 34, page

6    2-3.

7            The rulings of the Washington State Supreme Court, on this ground for relief, did not

8    result in a decision contrary to, or involve an unreasonable application of, clearly established

9    federal law, as determined by the Supreme Court.  Nor did the Washington State Supreme Court

10   decision result in a decision that is based on an unreasonable determination of the facts in light of

11   the evidence presented to the state courts. 28 U.S.C. §2254(d). Accordingly, the Court

12   recommends denying grounds for relief 12 and 13.

13           E.      Ineffective assistance of counsel - Grounds for relief 4, 5, 20, and 23.

14           Petitioner alleges that his trial counsel was ineffective for:

15           1.      not objecting to the second amended information that was presented on the
                     first day of trial, ground for relief 4.
16

17           2.      failing to attempt to suppress evidence that was collected from Mr.
                     Brady's wife, ground for relief 5.

18           3.      failing to check the relevant statutes to ensure that he could be convicted
                     of the crime of sexual exploitation of a minor with sexual motivation-
19                   domestic violence, ground for relief 20, and

20           4.      failing to object to the second amended information; failing to move for
                     dismissal of the sexual exploitation of a minor counts after the State's
21                   case-in-chief, closing arguments, or after trial, or any of the jury
                     instructions that set out incorrectly the elements of sexual exploitation of a
22                   minor under RCW 9.68.040(1)(c), ground for relief 23.

23   ECF No. 1, grounds for relief 4, 5, 20, and 23.

24   Report and Recommendation            15

1    In order for petitioner to establish that he received ineffective assistance of counsel,

2    petitioner must show that counsel's representation fell below an objective standard of

3    reasonableness and that the deficient performance affected the result of the proceeding.

4    *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  There is a strong presumption that

5    counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.  In

6    order to demonstrate prejudice, defendant must show there is a reasonable probability that but for

7    counsel's unprofessional errors, the result would have been different. *Strickland*, 466 U.S. at

8    694.

9    Our "[r]eview of counsel's performance is highly deferential and there is a strong

10   presumption that counsel's conduct fell within the wide range of reasonable representation."

11   *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (*citing Hensley v. Crist*, 67 F.3d 181, 184

12   (9th Cir. 1995)).

13   The Court first considers the totality of the circumstances, viewed at the time of counsel's

14   conduct and determines whether counsel's assistance was reasonable. *Strickland*, 466 U.S. at

15   690.  Petitioner must show that the attorney's conduct reflects a failure to exercise the skill,

16   judgment, or diligence of a reasonably competent attorney. *United States v. Vincent*, 758 F.2d

17   379, 381 (9th Cir.), *cert. denied*, 474 U.S. 838 (1985).  Petitioner must rebut "a strong

18   presumption that counsel's conduct falls within the wide range of reasonable professional

19   assistance," and that counsel's performance was "sound trial strategy." *Id.* at 689.  This Court

20   must attempt to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of

21   counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the

22   time." *Id.*

23

24   Report and Recommendation                    16

1    Next, petitioner must demonstrate prejudice.  This Court must determine whether

2    counsel's errors or omissions rendered the proceeding fundamentally unfair or the result,

3    unreliable. *Lockhart v. Fretwell*, 506 U.S. 368-72 (1993).  To meet the second *Strickland*

4    requirement of prejudice, "defendant must show that there is a reasonable probability that, but

5    for counsel's unprofessional errors, the result of the proceeding would have been different.  A

6    reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at

7    694.

8    Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), it is not enough

9    for a petitioner to convince this Court that the state court applied *Strickland* incorrectly; rather,

10   petitioner must show that the state court applied *Strickland* in an objectively unreasonable

11   manner. 28 U.S.C.A. § 2254(d)(1); *see Harrington v. Ritcher*, _U.S._, 131 S. Ct. 779 (2011);

12   *Bell v. Cone*, 535 U.S. 685 (2002).

13       1.    Ground for relief 4 - Not objecting to the second amended information.

14   The Washington State Court of Appeals considered petitioner's claim that counsel should

15   have objected to the second amended information when it considered petitioner's first direct

16   appeal. The court stated:

17       Brady next claims that his counsel was deficient because he did not object to the
         State's filing of a second amended information. Where a defendant and his
18       counsel have notice of the substantive changes made in an amended information
         and choose to proceed with the trial without objection, the defendant has waived
19       his right to an arraignment and there is no violation of due process. *State v.
         Anderson*, 12, Wn. App. 171, 173, 528 P.2d 1003 (1974).

20
         The record indicates that defense counsel had a copy of the second amended
21       information before trial and agreed to have re-arraignment on the morning of the
         first day of trial. At this time, Brady acknowledged that he had read the new
22       information and could knowingly and intelligently enter a plea of not guilty.
         Brady failed to show any deficiency by counsel or any prejudice caused to him by
23       the filing of a late amended information.

24   Report and Recommendation          17

1  ECF No. 27, Exhibit 10, page 11.  The trial court's decision to allow amendment of the

2  information is controlled by state law. *See Atkins v. Herndon*, 380 Fed. Appx. 726, 728

3  (discussing allowing amendment under California law).  The Washington State Court of Appeals

4  correctly held that where both defendant and counsel were aware of the second amended

5  information prior to the start of trial and chose to proceed there is no ineffective assistance of

6  counsel claim. *State v. Anderson*, 12 Wn. App. 171, 173, 528 P.2d 1003 (1974).  Counsel had a

7  copy of the second amended complaint and counsel agreed to have re-arraignment on the

8  morning of the first day of trial. ECF 27, page 10.  Petitioner fails to show that counsel was

9  ineffective.  The decision of the Washington State Court of Appeals on this ground for relief did

10  not result in a decision contrary to, or involve an unreasonable application of, clearly established

11  federal law, as determined by the Supreme Court.  Nor did the Washington State Court of

12  Appeals decision result in a decision that is based on an unreasonable determination of the facts

13  in light of the evidence presented to the state courts. 28 U.S.C. §2254(d).  Accordingly, the Court

14  recommends denying grounds for relief 4.

15          2.        Ground for relief 5 - Failure to move to suppress the evidence obtained from Mrs.
                      Brady.

16

17          Petitioner alleges that Mrs. Brady provided the police two diskettes. ECF No.1, page 12.

18  Petitioner alleges his trial counsel was ineffective in not moving to suppress the second diskette

19  which contained the pictures that formed the bases for the charges against petitioner. *Id*.  The

20  Washington State Court of Appeals addressed this ground for relief in the first direct appeal. The

21  court stated:

22          Brady next asserts that his counsel acted deficiently by failing to move to exclude
            a computer disk that Brady claimed did not belong to him. In fact, counsel did
23          object to the admission of the disk for lack of foundation. The State then
            established that the disk was authentic and that Angela had provided it. Counsel's
            actions were not deficient.

24  Report and Recommendation                    18

ECF No. 27, Exhibit 10, page 11.  The Washington State Supreme Court denied review without comment. ECF No. 27, Exhibit 10(b).  Petitioner fails to show that any evidence was improperly admitted or that counsel's actions fell below an objective standard of reasonableness with regard to this ground for relief. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Further, the decision of the Washington State Court of Appeals on this ground for relief did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  Nor did the Washington State Court of Appeals decision result in a decision that is based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Accordingly, the Court recommends denying grounds for relief 5.

       3.      Ground for relief 20 - Failure to check the relevant statutes to ensure that petitioner could be convicted of sexual exploitation as charged.

Petitioner was originally charged with seven counts of sexual exploitation of a minor/domestic violence. ECF No. 27, Exhibit 10, pp. 2-3.  Petitioner was convicted of six of the seven counts. *Id.*  In petitioner's sixth personal restraint petition he challenged these convictions and stated:

> I believe the state improperly convicted me of sexual exploitation of a minor (Domestic Violence) and (Sexual Motivation).

ECF No. 27, Exhibit 57.  After additional briefing the Chief Justice of the Washington State Supreme Court entered an order granting the petition and remanding the case to the trial court with instructions to vacate the six convictions for sexual exploitation of a minor.  The Chief Justice noted that because the remaining convictions still gave petitioner a high offender score, the trial court did not need to re-sentence petitioner. ECF No. 27, Exhibit 63.  On December 30,

Report and Recommendation          19

1    2010, the trial court entered an order correcting the judgment and sentence. ECF No. 27, Exhibit

2    5. Petitioner's offender score was changed from eighty-seven to sixty-nine. *Id*.

3    ECF No. 27, Exhibit 52.

4        While these six convictions were vacated, the Chief Justice of the Washington State

5    Supreme Court did not clearly state the reason for vacating the convictions in her order.  ECF

6    No. 27, Exhibit 63.

7        In his personal restraint petition petitioner argued that his trial counsel was ineffective

8    with regards to the six convictions for sexual exploitation of a minor because a careful reading of

9    the statute would have disclosed that petitioner's conduct did not meet the elements of the crime.

10    ECF No. 27, Exhibit 59, p. 6.  The state charged petitioner with violating RCW 9.68A.040(1)(c).

11    An element of that crime is that petitioner allowed another person to violated the sexual

12    exploitation statute sections RCW 9.68A.040(1)(a)or (b).  The state failed to present any

13    evidence that another person was involved in taking the pictures or that another person exhibited

14    the pictures.

15        The Court recommends denial of this ground for relief. Even if counsel was ineffective,

16    petitioner's convictions were vacated by the Washington State Supreme Court prior to the filing

17    of this federal habeas corpus proceeding. ECF No. 27, Exhibit 63.  Thus, petitioner is not in

18    custody based on any of these six convictions.  The trial court vacated these six convictions on

19    December 30, 2010, nearly a year prior to petitioner's filing of this petition. ECF No. 1 and 27,

20    Exhibit 5.

21        Petitioner has received all the relief available on this.  Petitioner must be "in custody" or

22    subject to "future custody" at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91

23    (1989).  The custody requirement of the habeas corpus statute is designed to preserve the writ as

24    Report and Recommendation             20

1   a remedy for severe restraints on individual liberty. *Hensley v. Municipal Court, San Jose*

2   *Milpitas Judicial District*, 411 U.S. 345, 351 (1973).  The person must be in custody pursuant to

3   the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S.

4   488, 490-91 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  The custody requirement is

5   jurisdictional. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (conditions of parole order

6   satisfied "in custody" requirement); *see also Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir.

7   1998) (sex offender registration requirement did not satisfy "in custody" requirement for habeas

8   corpus petition).  Because petitioner is not in custody or under any restraint as a result of these

9   six convictions, the Court recommends denial of ground for relief 20.

10        4.        Ground for relief - 23.

11        Petitioner's ground for relief twenty three is a compilation and rewording of grounds for

12   relief four and twenty.  Petitioner raises claims of ineffective assistance of counsel regarding his

13   six vacated convictions for sexual exploitation of a minor, and petitioner also raises the claim

14   that counsel's failure to object to the second amended complaint was ineffective assistance of

15   counsel. ECF No. 1.  As noted above in section E.1, counsel had the second amended complaint

16   before trial and agreed to re-arraignment on the morning of the first day of trial. ECF No. 27,

17   Exhibit 10, page 11.  Petitioner failed to show that counsel's performance was deficient.  Further,

18   petitioner is not in custody as a result of the six vacated convictions for sexual exploitation and

19   he faces no restraint as a result of vacated convictions.  The Court recommends dismissal of this

20   ground as the issues raised have been addressed earlier in this Report and Recommendation.

21        F.        Ineffective assistance of appellate counsel - Grounds for relief 15 and 24.

22         In ground for relief 15 petitioner alleges that "during Petitioner's direct appeal, *Crawford*

23   *v. Washington* was decided. *Crawford v. Washington*, 541 U.S. 36 (2004).  Petitioner's appellate

24   Report and Recommendation                    21

1   counsel did not submit a supplemental brief on the issue of confrontation in petitioner's case."

2   ECF No. 1, ground 15.  Petitioner also complains that counsel did not submit a motion for

3   reconsideration.

4     *Crawford v. Washington* addresses a defendant's right to confront the witnesses against

5   him and the admission of hearsay statements by a child victim who does not testify. *Crawford v.*

6   *Washington*, 541 U.S. 36 (2004).  The Court has considered petitioner's arguments regarding the

7   confrontation clause and agrees with the state court that there has been no violation of the right

8   to confront witnesses. ECF No. 27, Exhibit 34.  The statement that was allegedly made by the

9   babysitter that petitioner had placed a tattoo on one of his stepdaughter's buttocks was not

10   offered for the proof of the matter asserted. Rather, the statement was offered by the school

11   counselor to explain why she contacted authorities regarding possible sexual abuse. ECF No. 27,

12   Exhibit 34, page 1-2.  The statement is not hearsay.  Thus, the analysis in *Crawford v.*

13   *Washington*, 541 U.S. 36 (2004), would not apply to petitioner's facts.  Appellate counsel was

14   not deficient for failing to file a brief citing the case or failing to move for reconsideration.

15     S.S. did not testify and no statements made by her were admitted.  The evidence against

16   petitioner was in the form of photographs that depicted his conduct.  There was no confrontation

17   clause violation. ECF No. 27, Exhibit 34, pages 2-3.

18     In ground for relief 24 petitioner argues that his appellate counsel was ineffective because

19   petitioner did not receive relief in either of his direct appeals, yet he was able to get six counts of

20   sexual exploitation vacated through one of his subsequent personal restraint petitions. ECF No.

21   1, ground 24.  Petitioner states that the six convictions were reversed based on insufficient

22   evidence, however, in his personal restraint petition, petitioner argued that the crimes were not

23   properly charged. ECF No. 27, Exhibit 57.  Petitioner's argument fails either way.  Petitioner

24   Report and Recommendation   22

1   received relief in state court and these convictions are not part of his current judgment and

2   sentence.  Thus, the Court lacks jurisdiction to consider this argument because petitioner is not in

3   custody as a result of these vacated convictions. *See supra* section E.3. The Court recommends

4   denial of ground for relief 15 and 24 as they are without merit.

5           G.      Right to a fair trial - Ground for relief 21.

6           Petitioner alleges that his right to a fair trial was violated and he states:

7           I was charged with seven counts of sexual exploitation of a minor with sexual
            motivation; Domestic violence. The trial court found me guilty of six counts of
8           sexual exploitation of a minor with sexual motivation; Domestic violence.
            Defense counsel allowed me to be convicted of six counts of sexual exploitation
9           of a minor with sexual motivation; Domestic violence.

10  ECF No. 1-1, page 9.  It is unclear to the Court why respondent addresses this claim on the

11  merits or cites to the Washington State Supreme Court Commissioner's ruling that upheld the

12  convictions. ECF No. 27, Exhibit 55.  The Chief Judge of the Washington State Supreme Court

13  ordered the trial court to vacate these six convictions. ECF No. 27, Exhibit 63.  Petitioner's

14  sexual exploitation convictions were vacated almost a year prior to the filing of this petition.

15  ECF No. 1 and 27, Exhibit 5.  Petitioner is not in custody as a result of the sexual exploitation

16  charges or the vacated convictions.  The Court lacks jurisdiction to consider this argument

17  because petitioner is not in custody as a result of these vacated convictions. *See*, *supra* section

18  E.3.

19          H.      The charges and equal protection - Ground for relief 2.

20          Petitioner argues that:

21          [T]he State was allowed to add additional accusations of domestic violence to
            each general count charged in the information instead of going with the specific
22          statute of incest which the legislature intends by this act to reorganize criminal
            provisions throughout the Revised Code of Washington to clarify and simplify the
23          identification and reference of crimes. The State was allowed to circumvent the
            legislature's intent by charging the Petitioner with multiple counts of the two

24  Report and Recommendation            23

general crimes of Child Rape in the first degree and Child Molestation in the first degree by adding the accusation of Domestic Violence to each count instead of charging Petitioner with multiple counts of the one specific crime of incest. This circumvention violated Petitioner's right to Equal Protection of the Laws.

ECF No. 1, page 7-8.  The Washington State Court of Appeals considered the claim and held:

In his SAG, Brady claims that the prosecutor was required to charge him under the special incest statute instead of the general child rape and child molestation statutes. Brady asserts that this error denied him equal protection under the law. He also contends that the failure to charge him under the incest statute constituted prosecutorial misconduct, trial court error, and ineffective assistance of counsel. These arguments fail on each ground because the incest statute requires proof of different elements than either the child rape or child molestation statutes.

When a general statute and special statute are concurrent, the State must prosecute under the special statute. *State v. Danforth*, 97 Wn.2d 255, 257-58, 643 P.2d 882 (1982). Statutes are concurrent "where the general statue will be violated in each instance where the special statute has been violated." *State v. Datin*, 45 Wn. App 844, 846, 729 P.2d 61 (1986).

The child molestation and child rape statutes contain specific age and relationship requirements that are not elements of the incest statute. *See* RCW 9A.44.073, RCW 9A.44.083, RCW 9A.64.020. In *State v. Brune*, the court recognized that because of these different elements, "[f]acts proving incest in the first or second degree will not always prove a case of statutory rape or indecent liberties." 45 Wn. App. 354, 361, 725 P.2d 454 (1986). Because the statutes are not concurrent, the prosecutor was not required to charge Brady with incest instead of child rape or molestation. *Datin*, 45 Wn. App. at 846.

Nor is there an equal protection violation when the prosecutor has the discretion to charge a defendant under two statutes that require proof of different elements. *City of Kennewick v. Fountain*, 116 Wn2d 189, 193, 802 P.2d 1871 (1991) (citing *United States v. Batchelder*, 442 U.S. 114, 125026, 99 S. Ct 2198, 60 L. Ed. 2d 755 (1979). The prosecutor's decision to charge Brady with child rape and child molestation was not based on his "unfettered discretion, but on the ability to prove the additional elements" required in these crimes, above and beyond the elements required for incest. *In re Taylor*, 105 Wn.2d 67, 70, 711 P.2d 345 (1985).

Thus, charging and convicting Brady under the child rape and child molestation statutes was within the discretion of the prosecutor and did not violate Brady's equal protection rights.

ECF No. 27, Exhibit 10, page 7-9.  The Court has considered the three sections of the Revised Code of Washington.  Both Rape of a Child in the first degree (RCW 9A.44.073) and Child

1   molestation in the First Degree (RCW 9A.44.083) contain restrictive age requirements that are

2   not in the more general incest statute (RCW 9A.64.020).  Thus, the child rape statute and the

3   child molestation statute are the special statutes.  The Court finds no error in the Washington

4   State Court of Appeals decision or the trial courts convicting.  Under state law the prosecutor

5   correctly charged petitioner.

6          Further, petitioner raises this ground for relief as an equal protection claim.  The Court

7   has already addressed equal protection.  Petitioner's equal protection argument fails because

8   petitioner does not show that he was "treated differently because he belonged to a protected

9   class." *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995), (*citing Divers v. Department of*

10  *Corr.*, 921 F.2d 191, 193 (8th Cir. 1990)).  Petitioner fails to plead facts to support his claim.

11  Petitioner fails to show that the ruling of the state court resulted in a decision that was contrary

12  to, or involved an unreasonable application of, clearly established federal law, as determined by

13  the Supreme Court; or that the state court rulings resulted in a decision that was based on an

14  unreasonable determination of the facts in light of the evidence presented to the state courts. 28

15  U.S.C. §2254(d).  Accordingly, the Court recommends denial of ground for relief two.

16          I.      Sufficiency of the evidence - Ground for relief 6.

17          Petitioner argues that the evidence was not sufficient to convict him because the witness

18  did not positively identify him in each photograph. ECF No. 1, page 13.  Evidence is sufficient to

19  support a criminal conviction if the record reasonably supports a finding of guilt beyond a

20  reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 320 (1979).  "[T]he question is whether,

21  after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of

22  fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319

23  (*citing Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)) (emphasis in original).

24  Report and Recommendation              25

1    The Washington State Court of Appeals correctly identified and applied this standard of

2  law. ECF No. 27, Exhibit 10, page 12.  The court stated:

3    Evidence is sufficient to support a conviction if, after viewing the evidence in the
     light most favorable to the State, it allows the trier of fact to find each element of
4    the crime proved beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192,
     201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the
5    State's evidence and all inferences that can reasonably be drawn from it." *State v.
     DeVries*, 149 Wn.2d 842, 849, 72 P.3d 748 (2003) (citing *State v. Green*, 94
6    Wn.2d 216, 222, 616 P.2d 628 (1980)).

7    Evidence from each of the State's witnesses indicates that Brady was sexually
     abusing the two girls. Angela looked at each of the pictures and identified the
8    house in which she and Brady lived. The pictures with Brady in them were at the
     same place, close in time, and of the same nature as those without Brady. This
9    evidence and reasonable inferences from it were sufficient to prove beyond a
     reasonable doubt that Brady committed each of the charged offenses.

10
   ECF No. 27, Exhibit 10, page 12-13.

11
           The trial court's finding of facts after bench trial summarized the specific sexual conduct

12
   that the court found was depicted in each photograph. ECF No. 27, Exhibit 2.  A foundation for

13
   entering the disk that contained the digital photographs is in the record. ECF No. 27, Exhibit 92,

14
   pages 123 to 135. The time and date when pictures were taken was digital information retrieved

15
   from the disk. ECF No.27, Exhibit 92, pages 135 to 163; *See also* ECF No. 27, Exhibit 9, pages 9

16
   to 11(table setting out the time and date of each photograph).  Mrs. Angela Brady testified that

17
   petitioner had admitted to her that he took pictures of the victims and him. ECF No. 27, Exhibit

18
   92, page 75.  From these pictures Mrs. Brady identified numerous things including: petitioner,

19
   both victims, the house in Pierce County, the bedroom in the house in Pierce County, and

20
   furniture and the carpet that were in the house in Pierce County. ECF No. 27, Exhibit 91, pages

21
   79 to 85.  The prosecution summarized Mrs. Brady's testimony and asked:

22
   Q    Ma'am, I've shown you a whole series of pictures. Is it fair to say that all
23        of the people in those pictures were either one of your two daughters or
          the defendant?
24
   Report and Recommendation            26

1

2  A  Yes.

  Q  And all the pictures were taken in Lakebay, here in Pierce County

3      Washington?

4  A  Yes.

5 ECF No. 27, Exhibit 91, page 85. Further, one of the victims, K.S., testified and identified

6 petitioner and testified that petitioner had inappropriately touched her. ECF No. 27, Exhibit 91,

7 pages 92 to 95.

8    The evidence admitted at trial and the testimony before the trial court, when viewed in a

9 light most favorable to the prosecution, was more than sufficient. *Jackson v. Virginia*, 443 U.S.

10 307, 320 (1979).

11    The decision of the Washington State Court of Appeals on this issue is not contrary to, or

12 does not involve an unreasonable application of, clearly established federal law, as determined

13 by the Supreme Court.  Nor does the decision of the Washington State Court of Appeals involve

14 an unreasonable determination of the facts in light of the evidence presented to the state courts.

15 28 U.S.C. §2254(d).  Accordingly, the Court recommends denial of ground for relief 6.

16    J.  The community custody and no contact order portions of the sentence - Grounds
      for relief 9, 10, and 11.

17

18    1.  Grounds for relief 9 and 11 - Community custody.

19    Petitioner argues that the trial court erred in imposing 36 to 48 months of community

20 custody when that time combined with his sentence may exceed his standard range sentence of

21 318 months. ECF No. 1, grounds for relief 9 and 11.  Petitioner alleges that the trial court's

22 actions violate the Supreme Court holding in *Blakely v. Washington*, 542 U.S. 296, (2004). In

23 *Blakely* the Supreme Court held that a jury must find any additional facts used to enhance a

24 sentence. *Blakely* at 302-03.  Petitioner's argument fails because the trial court did not need to

Report and Recommendation    27

1  find any additional facts to impose the community custody portion of the sentence.  The finding

2  of guilt on the sex crimes mandated that the trial court impose the period of community custody.

3  *See* Former RCW 9.94A.120 (2000).

4          The Washington State Court of Appeals considered this claim in petitioner's second

5  direct appeal and held:

6          Finally, Brady argues that the trial court violated *Blakely* when it imposed a
           community custody term of 36 to 48 months in addition to his term of
7          confinement of 318 months. He contends that his term of confinement and his
           community custody term, added together, cannot exceed 318 months, the high end
8          of the standard range.

9          But Brady is mistaken. After *Blakely*, "any fact other than that of a prior
           conviction, which increases the applicable punishment, must be found by a jury
10         beyond a reasonable doubt (unless it is stipulated to by the defendant or the
           defendant waives his right to a jury finding)." *State v. Hughes*, 154 Wn.2d 118,
11         126, (2005), *overruled on other grounds by Washington v. Recuenco*, ___ U.S.
           ___, 126 S. Ct. 2546, 2552-53 (2006). *Blakely* clarified that "the 'statutory
12         maximum' for Apprendi' purposes is the maximum sentence a judge may impose
           *solely on the basis of the facts reflected in the jury verdict or admitted by the
13         defendant*." Blakely, 542 U.S. at 303 (emphasis theirs).

14         Community custody is part of Brady's punishment, making his sentence
           potentially longer than the high end of his standard range. *See State v. Sloan*, 121
15         Wn. App. 220, 223 (2004). But that additional punishment is based on the same
           facts the trial court found after the bench trial, not additional facts. Former RCW
16         9.94A.120(11)(a) (2000) *required* the trial court to impose a term of community
           custody because it found Brady guilty of sex offenses, including rape of a child in
17         the first degree, child molestation in the first degree and sexual exploitation of a
           minor with sexual motivation. Former RCW 9.94A.030(37) (2000). The trial
18         court found no additional facts in imposing the term of community custody, so it
           did not violate *Blakely*. And Brady's sentence of 316 [sic] months of incarceration
19         plus 36 to 48 months of community custody does not exceed the statutory
           maximum for Class A felonies of life imprisonment.
20
           Brady relies on *State v. Zavala-Reynoso*, 127 Wn. App. 119, 124 (2005). But
21         *Zavala-Reynoso* is misleading because the high end of his standard sentence range
           was 120 months. His statutory maximum sentence, for his class B felony
22         convictions for violations of the Uniform Controlled Substance Act, was also 120
           months. RCW 9A.20.021(1)(b) and 69.50.401(2)(a). Thus, under RCW
23         9.94A.505(5), the combination of his term of incarceration and his community
           custody term could not exceed his statutory maximum sentence of 120 months.

24  Report and Recommendation          28

1

> But for Brady, the combination of his term of incarceration of 316 months and his community custody term of 36 to 48 months does not exceed his statutory maximum sentence of life imprisonment. The trial court did not err in imposing the term of community custody.

2

3

4

ECF No. 27, Exhibit 24, pages 5-6.  The decision of the Washington State Court of Appeals on this issue is not contrary to, or does not involve an unreasonable application of, clearly

5

established federal law, as determined by the Supreme Court.  Nor does the decision of the

6

Washington State Court of Appeals involve an unreasonable determination of the facts in light of

7

the evidence presented to the state courts. 28 U.S.C. §2254(d).  Accordingly, the Court

8

recommends denial of grounds for relief 9 and 11.

9

 2.  Ground for relief 10 - The no contact order.

10

 Petitioner also argues that imposing a lifetime no contact order that prevents him from

11

contacting his victims violates the Supreme Court's holding in *Blakely*. ECF No. 1, ground for

12

relief 10.  The Washington State Court of Appeals considered petitioner's claim and held:

13

14

> Next, Brady argues that the trial court erred in imposing a lifetime no-contact order between him and his victims. He contends that such a term exceeds the statutory maximum sentence of 318 months and that, as a result, the no-contact order violates *Blakely*. But *Blakely* requires only that the trier of fact finds the facts that increase defendant's *sentence* beyond the statutory maximum term. Here the no-contact order is a crime-related prohibition and is independent from Brady's sentence. It thus does not implicate *Blakely*. And the trial court may, within its discretion, impose such crime-related prohibition for a term of the maximum sentence for the underlying crime. State v. Armendariz, 160 Wn. 2d 106, 120 (2007). The maximum sentence for class A felonies, such as rape of a child in the first degree, is life imprisonment. RCW 9A. 20.021(1)(a). Thus, the trial court did not abuse its discretion in imposing a lifetime no-contact order between Brady and his victims.

15

16

17

18

19

20

ECF No. 27, Exhibit 24, pages 5-6.  The Washington State Supreme Court denied review

21

without comment. ECF No. 27, Exhibit 28.

22

 This Court has reviewed the analysis of the Washington State Court of Appeals and finds

23

no error.  In Washington a no contact order is a "crime related prohibition." *See*, RCW

24

Report and Recommendation                    29

1    9.94A.030(13).  A crime related prohibition is defined as a court order prohibiting conduct that

2    directly relates to the circumstances of the crime for which the offender has been convicted. *Id*.

3    The trial court did not make any additional finding of fact to impose this "crime related

4    prohibition."  Thus, the Supreme Court holding in *Blakely* does not apply.  The Washington State

5    Supreme Court has held it constitutional to allow a trial court to impose crime related

6    prohibitions for the statutory maximum term and not just for the standard range. *State v.*

7    *Armendariz*, 160 Wn. 2d 106, 119-20, 156 P.3d, 201, 207-08 (2007).  Rape of a child in the first

8    degree is a class A felony in Washington State. *See*, RCW 9A.44.073.  The statutory maximum

9    term for a class A felony is life imprisonment. *See*, RCW 9A.20.021(1)(a).

10          The decision of the Washington State Court of Appeals is not contrary to, or does not

11   involve an unreasonable application of, clearly established federal law, as determined by the

12   Supreme Court.  Nor does the decision of the Washington State Court of Appeals involve an

13   unreasonable determination of the facts in light of the evidence presented to the state courts.  28

14   U.S.C. §2254(d). Accordingly, the Court recommends denial of ground for relief 10.

15          K.       Amendment of this petition - Grounds for relief 35 and 36.

16          The Court recommends denying petitioner's motion to amend the petition to add two

17   additional grounds for relief. ECF No. 21.  The Court includes this issue as part of a Report and

18   Recommendation because the ruling is dispositive of the grounds for relief raised in petitioner's

19   motion.  The Court finds these two grounds for relief are procedurally barred and in the

20   alternative, that the proposed amendment is futile.  Petitioner sets forth the grounds for relief as

21   follows:

22          Ground thirty-five.

23          I was charged with seventeen counts of rape of a child in the first degree under
             RCW 9A.44.073; fifteen of those counts used the definition of sexual intercourse

24

1   as defined in RCW 9A.44.010(1)(c). I was convicted by the trial court of these
    fifteen counts of rape of a child in the first degree using the definition of sexual
2   intercourse as defined in RCW 9A.44.010(1)(a) or RCW 9A.44.010(1)(b).

3   Ground thirty-six.

4   I was charged with seventeen counts of rape of a child in the first degree under
    RCW 9A.44.073; fifteen of those counts used the definition of sexual intercourse
5   as defined in RCW 9A.44.073 (1)(c) [sic]. The trial court convicted me of those
    counts using the definition of sexual intercourse as defined in RCW
6   9A.44.073(1)(a)[sic]  or RCW 9A.44.073(1)(b) [sic]. My counsel:

7        1.    did not object to the second amended information,
         2.    did not object to any of the standard W.P.I.C.'s which set out the wrong
8              elements for sexual intercourse,
         3.    Counsel did not move to arrest judgment of those counts based on sexual
9              contact (oral/penile); not penetration,
         4.    Counsel did not move for dismissal of Count 10 and 12 because the State
10             did not prove penetration occurred,
         5.    counsel did not move for dismissal of the counts were [sic] the trial court
11             found that oral penetration occurred instead of the correct legal standard of
               sexual contact.
12
    ECF No. 21.  The Court believes petitioner is referring to RCW 9A.44.010 which defines sexual
13
    intercourse in subsections 1(a),(b), and (c). RCW 9A.44.073 does not contain definitional
14
    subsections.  Petitioner raised these grounds for relief in his eleventh personal restraint petition.
15
    ECF No. 27, Exhibit 87. The petition was not addressed on the merits and was dismissed as time
16
    barred by the Washington State Supreme Court. ECF No. 27, Exhibit 90.  Thus, the claim is
17
    procedurally barred.  The Washington State Supreme Court Commissioner held:
18
         On December 27, 2011, Mr. Brady filed the instant personal restraint petition
19       directly in this court, the latest of many. He argues that the evidence was
         insufficient to convict him of the 17 counts of child rape, that his convictions
20       violate double jeopardy principles, and that defense counsel was ineffective. But
         Mr. Brady filed this collateral attack more than one year after his judgment and
21       sentence became final. Mr. Brady urges that the finality of his judgment was
         delayed by the December 2010 order correcting the judgment and sentence. But
22       the trial court did not exercise independent judgment when it corrected the
         sentence. The judgment and sentence therefore remained final for purposes of
23       collateral attack as of October 2008. *See State v. Kilgore*, 167 Wn.2d 28, 38-43,
         216 P.3d 393 (2009)(judgment final for purposes of second appeal where trial
24
    Report and Recommendation                    31

court on remand from first appeal did not exercise independent judgment to revisit the defendant's exceptional sentence).

Mr. Brady does not challenge the trial court's jurisdiction or the facial validity of his 2006 judgment and sentence as corrected. RCW 10.73.090(1); *In re pers. Restraint McKiearnan*, 165 Wn.2d 777, 781, 203 P.3d 375 (2009). And though his insufficient evidence and double jeopardy arguments are potentially exempt from the time limit under RCW 10.73.100(3) and (4), his ineffective assistance claim is not. This is therefore at best a "mixed" personal restraint petition that may not be considered. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702-03, 72 P.3d 703 (2003).

ECF No. 27, Exhibit 90, page 2.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To show cause in federal court, petitioner must show that some objective factor, external to the defense, prevented petitioner from complying with state procedural rules relating to the presentation of petitioner's claims. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (*citing Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples which may satisfy "cause" include "interference by officials" that makes compliance with state procedural rules impracticable, "a showing that the factual or legal basis for a claim was not reasonably available to counsel," or "ineffective assistance of counsel." *McCleskey*, 499 U.S. at 494 (*citing Murray*, 477 U.S. at 488). Petitioner admits that he simply did not recognize that the claim existed until he conducted "additional research." ECF No. 21-1, page 1. Petitioner does not show cause for the procedural default in this case.

Report and Recommendation                    32

1    "Prejudice" exists if the alleged errors were of constitutional dimensions and worked to

2    the defendant's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170

3    (1982).  The mere possibility of prejudice is not enough to show cause. *Id.*  For example, in

4    *Frady*, the court held that a potentially imprecise jury instruction as to whether that petitioner

5    acted with malice in commission of the crime was not a prejudicial error given the otherwise

6    "overwhelming" evidence of malice. *Id.* at 171 (the court emphasized that "it would be a

7    different case" had petitioner presented affirmative evidence of wrongful conviction).

8    For example, "the degree of prejudice we have required a prisoner to show before

9    obtaining collateral relief for errors in the jury charge as 'whether the ailing instruction by itself

10   so infected the entire trial that the resulting conviction violates due process,' not merely whether

11   'the instruction is undesirable, erroneous, or even universally condemned.'" *Frady*, 456 U.S. at

12   169 (*quoting Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)) (internal quotations omitted).  Even

13   if a single jury instruction was erroneous, it may not have been actually prejudicial to petitioner

14   because "the degree of prejudice resulting from instruction error [must] be evaluated in the total

15   context of the events at trial." *Id.* at 169.

16   Alternatively, in an "extraordinary case," this court may grant the writ without a showing

17   of cause and prejudice to correct a "fundamental miscarriage of justice" if petitioner can show

18   that the conviction is the result of a constitutional violation and that petitioner is actually

19   innocent. *Murray*, 477 U.S. at 495-96.  Given the evidence submitted to the trial court petitioner

20   cannot show actual innocence.  The evidence of petitioner's criminal activity is in the pictures

21   that were admitted at trial and summarized by the trial court in the findings of fact entered after

22   the bench trial. ECF No. 27, Exhibit 2.  The Court concludes that the grounds raised in the

23   motion to amend the petition are procedurally barred.

24   Report and Recommendation              33

1      In the alternative the Court agrees with the respondent that the proposed amendment

2  would be futile.  Petitioner bases both of his grounds for relief on the idea that the jury

3  instructions did not contain the proper definition of sexual intercourse to addresses oral sex,

4  RCW 9A.44.010(1)(c).  Petitioner alleges that the charging document, however, did contain the

5  proper definition.  Therefore, both of petitioner's grounds for relief challenge the sufficiency of

6  the jury instruction.

7      Ordinarily, issues regarding jury instructions present questions of state law only and are,

8  therefore, not susceptible to federal habeas corpus review.  *Estelle v. McGuire*, 502 U.S. 62, 71-

9  72 (1991).  A faulty jury instruction requires habeas relief only if the instruction by itself so

10  infected the entire trial that the resulting conviction violates due process. *Estelle v. McGuire*, 502

11  U.S. at 72; *Boyde v. California*, 494 U.S. 370, 378 (1990); (*citing Cupp v. Naughton*, 414 U.S.

12  141, 147 (1973)).  A federal habeas court must determine whether there is a reasonable

13  likelihood that the jury has applied the challenged instruction in a way that violates the

14  Constitution. *Estelle*, 502 U.S. at 63 (*quoting Boyde v. California*, 494 U.S. at 380).

15      Petitioner's case was tried to the bench and there was no jury.  According to petitioner

16  the court had the proper definition of the crime in the charging document. ECF No. 21, page 3.

17  Petitioner fails to show a reasonable likelihood the trial court applied the law in a manner that

18  violates the constitution.  Amendment would be futile.  Accordingly the Court recommends that

19  the motion to amend, (ECF No. 21), be denied and that this petition be dismissed.

20                          CERTIFICATE OF APPEALABLILTY

21      A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

22  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

23  (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner

24  Report and Recommendation            34

1  has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §

2  2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could

3  disagree with the district court's resolution of his constitutional claims or that jurists could

4  conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

5  *El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

6  Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of

7  appealability with respect to this petition.

8        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

10  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

11  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

12  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June

13  21, 2013, as noted in the caption.

14        Dated this 19th day of July, 2013.

15

16

17

18  Karen L. Strombom
   United States Magistrate Judge

19

20

21

22

23

24  Report and Recommendation            35